IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tammy Rene Millmine as Personal Representative of the Estate of Billy Frank Cornett, Jr., and in her individual capacity, | C/A NO. 3:09-1644-CMC |
| Plaintiff, | **OPINION and ORDER** |
| v. | |
| The County of Lexington (South Carolina), Lexington County Sheriff's Department, James R. Metts, individually and in his official capacity as Sheriff of Lexington County, Prison Health Services, LLL, | |
| Defendants. | |

This matter is before the court on Defendant Prison Health Services, Inc. (PHS)'s motion to dismiss. Defendant PHS contends it is not a "person" amenable to suit under 42 U.S.C. § 1983. Plaintiff has responded in opposition, to which PHS has replied and Plaintiff has responded. For the reasons indicated below, Defendant's motion to dismiss is **denied**.

**MOTION TO DISMISS**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); see also *Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss

1

can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff cannot satisfy this standard with a complaint containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, Plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id*. (citation omitted), stating a claim that is "plausible on its face," *id*. at 570, rather than merely "conceivable." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir.2003) ( citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir.2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir.2002)). Determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has

not 'show[n]'-'that the pleader is entitled to relief,' " as required by Rule 8. *Iqbal*, 129 S.Ct. at 1950 (alteration in original) (citation omitted) (quoting Fed.R.Civ.P. 8(a)(2)). The Court noted that even though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*.

**42 U.S.C. § 1983**

Plaintiff has sued Defendant PHS under 42 United States Code Section 1983.[1] Section 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

PHS's position that it is not a "person" subject to suit under Section 1983 is without merit. This is because it is not a "state," the sole form of entity which is, under current precedent, deemed not to be a "person" subject to suit under Section 1983.[2]

---

[1] PHS includes argument in its motion to dismiss that any state common law claims which may be asserted should be dismissed. A review of the complaint reveals that all four causes of action are founded on § 1983. Additionally, Plaintiff asserts in her opposition memorandum that she has not asserted any state law claims in this action. Memo in Opp. at 5-6 (Dkt. # 25, filed Nov. 23, 2009).

[2] PHS cites three cases which dismissed Section 1983 claims based on the conclusion that the defendant was not a "person." Of these, the only decision which is both published and remains good law involved a state-agency defendant: *Fischer v. Cahill*, 474 F.2d 991 (3rd Cir. 1973) (New Jersey Prison Medical Department, an agency of the state, was not a person for Section 1983 purposes). In contrast, *Monroe v. Pape*, 365 U.S. 167 (1961), which held that a municipality is not a "person" for purposes of Section 1983, was later abroated. *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding local government units are persons for purposes of Section 1983).

3

Although not directly argued by PHS, the court has also considered whether PHS should be dismissed because the factual allegations do not support the conclusion that it has acted under color of state law, one of the elements of a Section 1983 claim.[3] As the United States Supreme Court has repeatedly explained, the mere fact that a private entity or its activities are regulated by the state does not support a finding of state action. *See, e.g.*, *Blum v. Yaretsky*, 457 U.S. 991, 1003-05 (1982) (holding allegedly wrongful discharges by nursing homes were not subject to review under Section 1983 despite significant state regulation). Private actors may, however, be held liable under Section 1983 if "'there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself.'" *Blum*, 457 U.S. at 1004 (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). As explained in *Blum*, "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id*. For example, the Court held that a corporate creditor

---

The most on-point decision cited by PHS is *Bays v. Wensell*, 2007 WL 2789482 (N.D.W.Va. 2007) (adopting recommendation of magistrate judge based on a clear-error standard of review). The critical portion of the decision dismissed two defendants because they were "arms of the state" and, therefore, not "persons" subject to suit under Section 1983. The two defendants were a state prison and PrimeCare Medical of West Virginia ("PrimeCare"). Although PrimeCare is, presumably, a private medical service provider, that point is not mentioned in the *Bays* decision. Neither does the court expressly address whether (or explain why) a private entity which contracts with the state should be deemed an arm of the state. At most, this is an implicit holding without explanation issued in a decision which involved review of a magistrate judge's recommendation under a clear error standard for review. Under these circumstances, the court declines to find *Bay* persuasive.

The final case PHS cites for its not-a-person argument was not, in fact, resolved on this ground. Instead, it held that the defendant, a department store, was not liable under Section 1983 because it did not engage in "official state action" by employing a police officer to assist with security. *See Draeger v. Grand Central, Inc.,* 504 F.2d 142, 146 (10th Cir. 1974).

[3] This argument may be suggested by PHS's citation to *Draeger*. *See supra* n. 2.

4

and its president could be held to have acted under color of state law for purposes of Section 1983 liability where they acted jointly with state officials in effecting prejudgment attachment of debtor's property. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) (noting that the Court had "consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment"). Similarly, in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), the court held that a private business could be held liable under Section 1983 for denial of equal protection based on allegations that the business's employee acted in concert or agreement with a police officer to deny plaintiff access to the business (or arrest her for seeking access) because of plaintiff's race.

Although it has addressed related issues, the Supreme Court has not addressed whether private entities which provide services to prisons (including through operation of private prisons) are subject to claims under Section 1983. *See generally Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (holding that privately employed prison guards are not entitled to invoke a qualified immunity defense when sued under Section 1983 but noting court was not deciding "whether the defendants are liable under § 1983 even though they are employed by a private firm"). The issue is, likewise, an open one in the Fourth Circuit. *See Holly v. Scott*, 434 F.3d 287, 292 n.3 ("It is an open question in this circuit whether § 1983 imposes liability upon employees of a private prison facility under contract with the state. We need not decide that issue here.").[4] The absence of clear precedent on this novel issue militates against dismissal of the claim at this stage of the proceedings,

---

[4]In *Holly* the court held that *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), did not authorize a cause of action in favor of a federal prisoner against employees of a privately operated federal prison. In reaching this conclusion, the court distinguished Section 1983 claims from *Bivens* claims in various respects, including that § 1983 was a statutory creation and *Bivens* a judicial creation.

5

particularly in light of Fourth Circuit authority holding that private physicians who treat prison inmates may be held liable under Section 1983. *See Conner v. Donnelly, M.D.*, 42 F.3d 220, 224 (4th Cir. 1994) (noting that the Supreme Court had "made clear . . .that the provision of medical services to prison inmates is traditionally the exclusive prerogative of the state" and that a private physician who contracts with the state to provide medical services to inmates "cooperates with the state and assumes the state's constitutional obligation to provide medical care to its prisoners" ); *but see Holly*, 434 F.3d at 294 ("We cannot conclude that provision of medical care in a *private prison* is somehow a "public function" while maintaining fidelity to *Richardson* that the prison's general operation is not.").[5]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 28, 2010

---

[5] The quotation from *Holly* may suggest retrenchment from the rule in *Conner*. Alternatively, it may either suggest a distinction between privately and publicly operated prisons or simply acknowledge that this is an area of legal uncertainty. Regardless of the intent of this quotation, a reasonable argument can be made that private individuals or entities which provide medical services to prison inmates should be deemed to be acting under color of state law for purposes of Section 1983. This is both because the inmate is limited to the state's choice of medical provider as a result of the state's use of its coercive powers (imprisonment) and the medical provider, by contracting with the state, has assumed the state's obligations to provide constitutionally adequate care.